[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Ernest R. Dye, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of breaking and entering, a felony of the fifth degree, and receiving a stolen motor vehicle, a felony of the fourth degree. He was convicted of the offenses following a jury trial. For the following reasons, we affirm the trial court's judgment.
At trial, Dennis Dalton and Peter Weitz testified that they saw a man leaving a home on Harrison Avenue in Cincinnati. The man was carrying a large stained-glass window, which he placed in the bed of a pickup truck. Because they were aware of previous thefts from the home, Dalton and Weitz followed the pickup truck in Dalton's vehicle.
After they had traveled a short distance, the pickup truck stopped. The driver got out of the truck and approached Dalton's vehicle. The driver said some inaudible words to Dalton, got back in the truck, and drove away. He drove a short distance before abandoning the truck, with the window still in the truck's bed. Dalton and Weitz later identified the man as Dye.
The owner of the residence from which the window was taken and the owner of the pickup truck testified that Dye did not have their consent to possess the property. The truck's owner testified that Dye had previously worked for him but was not employed at the time the truck was taken. Although he did not know who stole the truck, he testified that the vehicle had been recently taken from a construction site before the person identified as Dye was seen driving it.
The defense rested without presenting any evidence. The jury returned guilty verdicts, and the trial court sentenced Dye to the maximum term of incarceration for each offense, with the sentences to run consecutively.
In his first assignment of error, Dye argues that the trial court erred in failing to instruct the jury that he was not required to testify and that the jury was not to make inferences from his election not to testify. But, as Dye concedes, his counsel did not file a written request for the jury instruction under Crim. R. 30. Therefore, he cannot now claim error based upon the trial court's refusal to give the instruction.[1] The first assignment of error is overruled.
In his second assignment of error, Dye argues that he was denied the effective assistance of trial counsel, because his attorney failed to properly request the jury instruction described under the first assignment of error. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[2] To show prejudice, the defendant must demonstrate that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.[3]
Even were we to determine that Dye's trial counsel was deficient in failing to properly request the jury instruction, we would find no prejudice to have resulted from the deficiency. As we discuss under the third and fourth assignments of error, the state produced ample evidence of Dye's guilt. In light of the strength of the state's case, we cannot say that the giving of the jury instruction would likely have changed the outcome of the trial. The second assignment of error is overruled.
In the third and fourth assignments of error, Dye argues, respectively, that the guilty verdicts were based upon insufficient evidence and that they were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
The breaking-and-entering statute, R.C. 2911.13(A), provides that "[n]o person, by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense * * *." The statute that prohibits receiving stolen property, R.C. 2913.51(A), provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C.2913.51(C) provides that, if the property in question is a motor vehicle, a violation of R.C. 2913.51(A) is a felony of the fourth degree.
In the case at bar, the convictions were in accordance with the evidence. Two eyewitnesses positively identified Dye as the person who had entered the residence and stolen the window. The same witnesses testified that Dye had operated the stolen truck. Although Dye argues that there was no evidence to indicate that he knew or should have known that the vehicle had been stolen, the jury was entitled to make reasonable inferences from his unexplained possession of the recently stolen vehicle,[6] especially when the truck was being used to facilitate another crime. Moreover, Dye's abandonment of the vehicle indicated that he had obtained it under suspicious circumstances. Thus, a rational trier of fact could have found all of the elements of the offenses beyond a reasonable doubt. And while Dye cites certain inconsistencies in the testimony of the state's witnesses, we cannot say that the jury lost its way in finding him guilty of both offenses. The third and fourth assignments of error are therefore overruled.
In the fifth and final assignment of error, Dye argues that the trial court erred in imposing maximum, consecutive sentences for the offenses. Dye does not advance any specific argument with respect to the assignment, but rather asks this court to independently review the record for any error in the sentences. We have done so and find no error. The trial court made the requisite findings to impose the sentences, and the record supports those findings. The fifth assignment of error is accordingly overruled.
Although we have overruled each assignment of error, we do note that the trial court's judgment entry contains a clerical error. The entry states that receiving stolen property is a felony of the second degree. We hereby modify the entry to state that the offense is a felony of the fourth degree, and the judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. Patterson (Apr. 22, 1987), 1st Dist. No. C-860445. The court refused to give the instruction on the ground that Dye was not even present for trial on the day the defense was to present its case. Dye had absconded and was later apprehended.
[2] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[3] Id.
[4] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[5] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541.
[6] See State v. James (Aug. 17, 2001), 1st Dist. No. C-010036.